

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Weaver H. Baker
Chairman, State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-5856
Re: Must the State Board of Control
reserve the minerals in the lands
belonging to State, used for a Negro
Orphanage, when making a conveyance?

Reference is made to your letter of February 8, 1944, which is as follows:

"Please refer to the provisions of Sections 4 and 9 of the Constitution
of Texas, Articles 5306 and 5310, R. C. S., together with amendments
thereto, and your Opinion O-5625, rendered to this Board, and give
us your opinion on the following inquiry.

"Would it be incumbent on the State Board of Control to reserve the
minerals in the lands belonging to the State, and used for a Negro
Orphanage near Gilmer, in Upshur County, Texas, when we make conveyance
of the same, as provided in Article 3221 (a) et seq., R. C. S."

In our opinion No. O-5625, we advised that the State Board of Control by
virtue of the provisions of H. B. 1188, Acts of the 45th Legislature,
1937, codified in Vernon's Annotated Civil Statutes as Art. 3221a, that

"(2) That the Board of Control has the authority to convey a fee
simple title absolute to this property."

With regard to the question presented here, it is the opinion of this
department that H. B. 1188, supra, must be considered as an independent
act, and not dependent on the laws governing the sale of public land.
Therefore, the State Board of Control is authorized to sell this
property in the manner provided by the statute, and not required by law
to reserve minerals. The statute provides:

" . . . to sell the said Dickson Colored Orphanage property for the
best price that can be obtained therefor; said sale to be either
for cash or on a credit as said Board may determine to be for the
best interest of the State."

Public land, as used in Texas Statutes, has been defined as having the same significance as public domain. Vol. 34, Tex, Jurisprudence, p. 20; Day Land and Cattle Co. v. State, 58 Tex. 526, 4 S. W. 865.

Section.4 and 9 of Article VII of the Constitution, and Articles 5306 to 5310, V. A. C. S. referred to in your letter are applicable to public land.

In Vol. 38, Tex. Jur. p. 838, under the subject of "State of Texas" we find the following statement:

"In the absence of constitutional restrictions, the State may sell and dispose of its property upon its own terms and conditions, and legislative enactments usually govern the manner in which State lands may be disposed of."

Trusting that this gives you the information desired, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Jack W. Rowland

By
   Jack W. Rowland
      Assistant

JWR: BT

APPROVED FEB. 21, 1944

s/ George P. Blackburn
ACTING ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY B. W. B. CHAIRMAN